826 F.2d 1065
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Dean H. STEWART, Petitioner,
v.
OLIVER SPRINGS MINING COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 85-3507
 United States Court of Appeals, Sixth Circuit.
 Aug. 12, 1987.
 ORDER
 
 1
 Before CORNELIA G. KENNEDY, MILBURN and ALAN E. NORRIS Circuit Judges.
 
 
 2
 The claimant petitions this Court for review of a Benefits Review Board order denying his claim for Black Lung benefits. The Director, Office of Workers' Compensation Programs, now moves to remand this matter in light of this Court's intervening decision in Ratliff v. Benefits Review Board, et al., 816 F.2d 1121 (6th Cir. 1987). The claimant has not responded.
 
 
 3
 An Administrative Law Judge determined that the claimant was entitled to a rebuttable presumption, arising out of his twenty-five (25) years of coal mine employment, that he is totally disabled by black lung disease. 20 C.F.R. Sec. 727.203(a). However, the ALJ found that the claimant is doing 'comparable and gainful work,' and thus declared the presumption successfully rebutted under 20 C.F.R. 727.203(b). On appeal, the Benefits Review Board affirmed the ALJ's decision. Appeal to this Court followed, and was held in abeyance pending a determination in Ratliff of the appropriate standard for deciding whether a former coal miner is currently engaged in comparable and gainful work.
 
 
 4
 This Court need not decide whether review by the Administrative Law Judge in the instant case satisfied the requirements of Ratliff, however. Because there is evidence that the claimant's deteriorating health has required his transfer to a less strenuous position than he held at the time of the hearing, both parties seek remand for reconsideration of the denial of benefits pursuant to 33 U.S.C. Sec. 922. Accordingly,
 
 
 5
 It is ORDERED that the motion to remand is granted. The Benefits Review Board's order denying benefits is vacated, and the action is remanded to the Deputy Commissioner for evaluation of the claimant's current work. Saginaw Mining Co. v. Mazzuli, et al., 818 F.2d 1278 (6th Cir. 1987).